Adam M. Rose (210880)
starrlawadam@yahoo.com
LAW OFFICE OF ROBERT L. STARR
23277 Ventura Boulevard
Woodland Hills, California 91364
Telephone: (818) 225-9040
Facsimile: (818) 225-9042

Attorneys for Plaintiffs
Brooke Slattery, et al.

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROOKE SLATTERY,<br>LYNN NUNO,<br>BENJAMIN GUNDMUNDSSON,<br>ANTHONY KING,<br>VALYNDA HOLLAND,<br><br>Plaintiffs,<br><br>v.<br><br>THREE GROUP, INC. dba CRAZY GIRLS,<br>MICHELLE AZERZER,<br>and DOES 1 to 10,<br><br>Defendants. | NO.<br><br>COMPLAINT<br><br>1. FAIR LABOR STANDARDS ACT<br>2. WAGE AND HOUR VIOLATION<br>3. WAGE STATEMENT PENALTY<br>4. WAITING TIME PENALTY<br>5. MEAL AND REST BREAKS<br>6. MISCLASSIFICATION<br>7. RECORDKEEPING VIOLATION<br>8. WAGE THEFT PREVENTION<br>9. UNFAIR COMPETITION<br><br>JURY TRIAL DEMAND |

### PRELIMINARY ALLEGATIONS

1.    The court has subject matter jurisdiction under 28 USC § 1331 (federal question jurisdiction). The court also has supplemental jurisdiction over the state law claims under 28 USC § 1367.

2.    Venue is proper in the Central District pursuant to 28 USC § 1391(b).

3.    Plaintiff Brooke Slattery ("Slattery") is a resident of Los Angeles County.

4.    Plaintiff Lynn Nuno ("Nuno") is a resident of Los Angeles County.

5.    Plaintiff Benjamin Gundmundsson ("Gundmundsson") is a resident of Los

Angeles County.

6.     Plaintiff Anthony King ("King") is a resident of Los Angeles County.

7.     Plaintiff Valynda Holland ("Holland") is a resident of Orange County.

8.     Defendant Three Group, Inc. ("Three") is a corporation with its principal place of business in Los Angeles County. Three does business as Crazy Girls.

9.     The defendants violated the Labor Code and Fair Labor Standards Act by not paying the plaintiffs all wages owed, not paying overtime, not providing rest and meal breaks, and not providing accurate, itemized wage statements.

10.     Industrial Welfare Commission Wage Order 5 applies, which governs the public housekeeping industry which includes: "Restaurants, night clubs, taverns, bars, cocktail lounges … clubs, and all similar establishments where food … [is] consumed on the premises."

11.     Industrial Welfare Commission Wage Order 10 also applies, which govern the amusement and recreation industry, which includes: "any industry, business, or establishment operated for the purpose of furnishing entertainment or recreation to the public …."

12.     The plaintiffs do not know the true names and capacities of defendant Does 1 to 10 and therefore use fictitious names.  Plaintiffs will amend the complaint to allege their true names when they are ascertained.

13.     Plaintiffs are informed and believe that each defendant was the agent, employee, and/or joint venture of the other, and they ratified each other's acts.

14.     The individual defendants exercised complete control over the nature and structure of the employment relationship with the plaintiffs.  Therefore the individual defendants are employers under the Fair Labor Standards Act and are subject to liability for unpaid wages.  (*Boucher v. Shaw* (9th Cir. 2009) 572 F.3d 1087, 1091.)

15.     Slattery and Nuno worked as food servers/door people, Gundmundsson and King worked as bartenders, and Holland worked as a dancer for the defendants. Holland was misclassified as an independent contractor and not paid any wages, and

the other plaintiffs were paid the same amount per shift no matter how many hours they worked.

16.    Further, the plaintiffs almost always worked more than eight hours a shift, and were required to stay well after these businesses closed before they could leave.

17.    On November 3, 2014 the plaintiffs notified the Labor and Workforce Development Agency and Three of the specific provisions of the Labor Code that were violated. (Lab. Code, § 2699.3.) Since it has been more than 33 days since the PAGA letter was sent, the plaintiffs may request PAGA penalties in the complaint.

## FIRST CAUSE OF ACTION

## FAIR LABOR STANDARDS ACT VIOLATION

### By All Plaintiffs Against All Defendants

18.    Plaintiffs incorporate by reference paragraphs 1 to 17 of the complaint.

19.    The Fair Labor Standards Act, 29 USC § 201 et seq., regulates payment of minimum wages and overtime wages.

20.    An aggrieved employee may file a lawsuit to recover for violations of the Fair Labor Standards Act pursuant to 29 USC § 216(b).

21.    According to 29 USC § 216(b), an employee who brings a civil action under the FLSA may obtain backpay, liquidated damages, injunctive relief, interest, and attorney fees.

22.    Liquidated damages under the Fair Labor Standards Act is normally double damages for wages due. (See *Reich v. New England Telecomm. Corp.* (2nd Cir. 1997) 121 F.3d 58, 71.)

23.    Pursuant to 29 USC § 207, an employer must provide overtime wages when the employee works more than 40 hours per week.

24.    Pursuant to 29 USC § 206, an employer must provide at least the minimum wage for all hours worked.

25.    Since Defendants did not pay all overtime compensation, and sometimes did

1  not pay any compensation at all, the plaintiffs are entitled to all remedies under the
2  FLSA.

3  26.    Each of plaintiffs' activities was undertaken for the employers' benefit and
4  controlled or required by the employers and, if performed outside scheduled work
5  time, then it was also an integral and indispensable part of the employees' principal
6  activities.

7  27.    Plaintiffs/employees were employed to do work, and employer knew or should
8  have known they were working.

9  28.    The hours of work performed by the plaintiffs/employees were reasonable in
10  relation to the principal activity and not de minimis.

11  29.    Employees suing for backpay under the FLSA have a right to jury trial. (See
12  *Kuehner v. Dickinson & Co*. (9th Cir. 1996) 84 F.3d 316, 320.)

13

14                          SECOND CAUSE OF ACTION
15                          WAGE AND HOUR VIOLATION
16                    By All Plaintiffs Against Three, and Does 1 to 10

17  30.    Plaintiffs incorporate by reference paragraphs 1 to 17 of the complaint.

18  31.    Defendants unlawfully did not pay the plaintiffs/employees overtime wages as
19  required by Labor Code sections 510 and 1194 and Wage Orders 5 and 10.

20  32.    Plaintiffs are entitled to recover all minimum wage and overtime
21  compensation that defendants did not pay as well as prejudgment interest from four
22  years from the date of filing the complaint to the date judgment is entered.

23  33.    Plaintiffs are also entitled to attorney fees and costs pursuant to Labor Code
24  section 1194, in addition to the PAGA penalties in Labor Code section 1197.1, and
25  the liquidated damages in Labor Code section 1194.2.

26  ///
27  ///
28  ///

THIRD CAUSE OF ACTION

WAGE STATEMENT PENALTY

By All Plaintiffs Against Sunset, Three, and Does 1 to 10

34.     Plaintiffs incorporate by reference paragraphs 1 to 17 of the complaint.

35.     Labor Code section 226(a) provides every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, an itemized wage statement, showing all wages paid, including all deductions.

36.     Defendants knowingly and intentionally did not furnish the plaintiffs with accurate itemized statements required under Labor Code section 226(a).

37.     Labor Code Section 226(e) provides that an employee that suffers injury as a result of an employer's knowing and intentional failure(s) to comply with subdivision (a) is entitled to recover the greater of all actual damages or $50 for the initial pay period in which the violation occurs and then $100 per employee for each subsequent pay period, not to exceed $4,000 per employee.

38.     The plaintiffs seek actual damages, costs, penalties and attorney fees under Labor Code section 226(g).

FOURTH CAUSE OF ACTION

WAITING TIME PENALTY

By All Plaintiffs Against Three, and Does 1 to 10

39.     Plaintiffs incorporate by reference paragraph 1 to 50 of the first amended complaint.

40.     Labor Code section 203 provides for a waiting time penalty, which applies when an employer willfully does not pay the wages of an employee who is discharged or who quits.  The waiting time penalty provides that the wages of the employee continue as a penalty at the employee's hourly rate until paid, not to exceed 30 days.

-5-

COMPLAINT

41.    Defendants willfully did not pay Plaintiffs all accrued wages after they stopped working for Defendants.

42.    Thus each of the plaintiffs are entitled to 30 days of wages each as a waiting time penalty.

## FIFTH CAUSE OF ACTION
## MEAL AND REST BREAK VIOLATION
### By All Plaintiffs Against Three, and Does 1 to 10

43.    Plaintiffs incorporate by reference paragraphs 1 to 17 of the complaint.

44.    Labor Code section 512 provides that no employer may require an employee to work during any meal or rest period the applicable Wage Order mandates.

45.    Employers must authorize rest periods of specified minimum duration.

46.    Defendants did not give mandatory rest breaks and meal breaks to Plaintiffs.

47.    Labor Code section 226.7(b) provides that an employer that does not provide rest and/or meal breaks must pay the employee one additional hour of premium pay at the employee's regular rate each time the break was not provided.

48.    Plaintiffs seek compensation of one hour of wages each time they were not permitted to take a meal break and rest break.

## SIXTH CAUSE OF ACTION
## EMPLOYEE MISCLASSIFICATION
### By Holland Against Three, and Does 1 to 10

49.    Holland incorporates by reference paragraphs 1 to 17 of the complaint.

50.    Labor Code section 226.8 provides that it is unlawful for any person or employer to engage in any of the following activities: 1) Willful misclassification of an individual as an independent contractor, 2) charging an individual who has been willfully misclassified as an independent contractor a fee, or making any deduction from compensation, for any purpose, including for goods, materials, space rental,

services, government licenses, repairs, equipment maintenance, or fines arising from the individual's employment where any of the above acts would have violated the law if the individual had not been misclassified.

51.     Holland was willfully misclassified as an independent contractor. Pursuant to Labor Code section 226.8(i)(4), willful misclassification means avoiding employee status for an individual by voluntarily and knowingly misclassifying that individual as an independent contractor.

52.     Based on Defendants' systematic and willful misclassification, a penalty up to $25,000 applies pursuant to Labor Code section 226.8.

53.     Also, pursuant to Labor Code section 2753, each defendant is jointly liable for the misclassification.

54.     Labor Code section 2699(f) provides that each aggrieved employee is entitled to a penalty of $100 for the first pay period there was employee misclassification, and $200 for each subsequent pay period there was employee misclassification.

55.     Holland is entitled to attorney fees and costs pursuant to Labor Code section 2699(g).


SEVENTH CAUSE OF ACTION

RECORDKEEPING VIOLATION

By All Plaintiffs Against Three, and Does 1 to 10

56.     Plaintiffs incorporate by reference paragraphs 1 to 17 of the complaint.

57.     Labor Code section 1174(d) provides that all employer must keep payroll records showing the hours worked daily by and the wages paid to all employees.

58.     Defendants did not comply with this requirement, therefore PAGA penalties apply.

59.     Pursuant to Labor Code section 2699(g)(1), an aggrieved employee may maintain a civil action to recover civil penalties for Labor Code violations on behalf of himself or herself and other current or former employees against whom the

1   violations were committed.

2   60.     Pursuant to Labor Code section 2699(f)(2), the penalties are $100 per

3   aggrieved employee per pay period, and $200 per aggrieved employee per pay period

4   for each subsequent violation.

5   61.     Plaintiffs are also entitled to attorney fees under Labor Code 2699(g)(1).

6

7                        EIGHTH CAUSE OF ACTION

8                    WAGE THEFT PREVENTION ACTION

9                By All Plaintiffs Against Three, and Does 1 to 10

10   62.    Plaintiffs incorporate by reference paragraphs 1 to 17 of the complaint.

11   63.    Labor Code section 2810.5 provides that employers must provide each

12   nonexempt employee at the time of hire with a written notice that includes the

13   employee's rate of pay, any allowances claimed as part of the minimum wage,

14   regular pay day designated by the employer, employer's name, physical address of

15   the employer's main office or principal place of business, employer's telephone

16   number, where the employer is a temporary services employer, the name, physical

17   address of the main office and mailing address if different, and the telephone number

18   of the legal entity for whom the employee will work, the name, address, and

19   telephone number of the employer's workers' compensation insurance carrier, and

20   any other information the Labor Commission deems important and necessary.

21   64.    Defendants did not comply with the Wage Theft Prevention Act for any of the

22   plaintiffs.

23   65.    Pursuant to Labor Code section 2699(f), each aggrieved employee is entitled

24   to a penalty of $100 for the first pay period there was noncompliance, and $200 for

25   each subsequent pay period.

26   66.    Plaintiffs are entitled to attorney fees and costs pursuant to Labor Code section

27   2699(g).

28   ///

EIGHTH CAUSE OF ACTION

UNFAIR COMPETITION

By All Defendants Against All Defendants

67.     Plaintiffs incorporate by reference paragraphs 1 to 50of the first amended complaint.

68.     Business and Professions Code section 17200 defines unfair competition as unlawful, unfair, or fraudulent business acts or practices.

69.     Defendants engaged in unfair competition by not paying all wages due to the plaintiffs.

70.     Pursuant to Business and Professions Code section 17203, Defendants should restore to Plaintiffs all wrongfully retained wages.

71.     Plaintiffs request attorney fees and costs pursuant to Code of Civil Procedure section 1021.5.


PRAYER

First Cause of Action

1.      Relief under 29 USC § 216(b), including payment of unpaid minimum wages, unpaid overtime wages, up to an equal amount of liquidated damages for unpaid wages, interest, and attorney fees and costs.


Second Cause of Action

1.      Payment of all unpaid minimum wage and overtime compensation

2.      Attorney fees, costs, and prejudgment interest under Labor Code section 1194

3.      Penalties in Labor Code section 1197.1

4.      Liquidated damages in Labor Code section 1194.2

3.      Other relief the court deems proper

///

///

-9-
COMPLAINT

Third Cause of Action

1.      Penalty under Labor Code section 226 not to exceed $4,000 for each plaintiff

2.      Attorney fees and costs under Labor Code section 226

3.      Other relief the court deems proper

4.      Penalty of $100 for each aggrieved employee for the first pay period, and $200 for each aggrieved employee for each separate violation for each subsequent violation per pay period

5.      Attorney fees and costs pursuant to Labor Code section 2699(g)(1)

6.      Other relief the court deems proper

Fourth Cause of Action

1.      Up to 30 days of the plaintiffs' wages pursuant to Labor Code section 203

2.      Penalty of $100 for each aggrieved employee for the first pay period, and $200 for each aggrieved employee for each separate violation for each subsequent violation per pay period

3.      Attorney fees and costs pursuant to Labor Code section 2699(g)(1)

4.      Other relief the court deems proper

Fifth Cause of Action

1.      Premium pay for each missed rest break and each missed meal break

2.      Penalty of $100 for each aggrieved employee for the first pay period, and $200 for each aggrieved employee for each separate violation for each subsequent violation per pay period

3.      Attorney fees and costs pursuant to Labor Code section 2699(g)(1)

4.      Other relief the court deems proper

Sixth Cause of Action

1.      Penalty up to $25,000 under Labor Code section 226.8

2.      Penalties under Labor Code section 2699(f)

3.      An order under Labor Code section 226.8(e) regarding a notice of violation

4.      Attorney fees and costs under Labor Code section 2699(g)

5.      Other relief the court deems proper

Seventh Cause of Action

1.      Penalties under Labor Code section 2699(f)

2.      Attorney fees and costs under Labor Code section 2699(g)

3.      Other relief the court deems proper

Eighth Cause of Action

1.      Penalties under Labor Code section 2699(f)

2.      Attorney fees and costs under Labor Code section 2699(g)

3.      Other relief the court deems proper.

Ninth Cause of Action

1.      Restitution of all wrongfully withheld wages

2.      Attorney fees under CCP 1021.5

3.      Other relief the court deems proper

Date: March 7, 2015                    LAW OFFICE OF ROBERT STARR

                                        /s/ Adam Rose
                                        Attorney for Plaintiffs

JURY DEMAND

The plaintiffs request a jury trial pursuant to Federal Rule of Civil Procedure 38.

Date: March 7, 2015                    LAW OFFICE OF ROBERT STARR

                                        /s/ Adam Rose
                                        Attorney for Plaintiffs

COMPLAINT